IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Anthony Craig Garner, | ) |
| Plaintiff, | ) Case No. 3:13-cv-96 |
| vs. | ) REPORT AND RECOMMENDATION |
| Adam O'Brien, Donald Walter Kern, Jr., Cherie L. Clark, Paul David McKeever, Michael Bernier, and Sara Gunther, | ) |
| Defendants. | ) |

Plaintiff Anthony Craig Garner, who is incarcerated at the Cass County Jail, filed a complaint pursuant to 42 U.S.C. § 1983. (Complaint, Doc. #5). Garner also filed a motion for a preliminary injunction. (Motion, Doc. #16). Although the court had not yet conducted its initial review of the complaint pursuant to 28 U.S.C. § 1915A, and had not ordered service upon any of the defendants, Adam O'Brien, Cherie L. Clark, Sara Gunther, and Michael Bernier filed a response to the motion for a preliminary injunction. (Response, Doc. #18). The court now considers the complaint pursuant to 28 U.S.C. § 1915A and the motion for a preliminary injunction.[1]

**Summary of Recommendation**

Defendants Donald Walter Kern, Jr. and Paul David McKeever are private citizens who were not acting under color of state law. Officers Adam O'Brien, Sara Gunther, and Michael

---

[1] On initial review the court must identify cognizable claims or dismiss the complaint, or any part of it, that is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Plaintiff's complaint must be construed liberally, although it must still state a claim as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Bernier[2] had probable cause to arrest Garner for aggravated assault. Assistant State's Attorney Cherie L. Clark had probable cause to prosecute Garner. Garner has failed to state a claim in his complaint upon which relief can be granted. It is **RECOMMENDED** that Garner's complaint be **DISMISSED** with prejudice. Pursuant to Younger v. Harris, 401 U.S. 37 (1971), the court should refrain from enjoining the state criminal proceedings in which Garner is a defendant. It is **RECOMMENDED** that Garner's motion for a preliminary injunction be **DENIED**.

## Background

Garner is a pretrial detainee who is charged with aggravated assault in two separate state cases. See State v. Garner, Cass County, Case No. 09-2013-CR-03601; State v. Garner, Cass County 09-2013-CR-03603. Garner alleges he was arrested and detained without probable cause by defendants Michael Bernier, Sara Gunther, and Adam O'Brien, who are police officers. (Complaint, Doc. #5, pp. 2-3). Garner contends he is innocent, and that Assistant State's Attorney Cherie L. Clark is pursuing charges against him in bad faith and to harass Garner. Id. at pp. 3-4.

Garner states in his complaint that on October 6, 2013, Officers Bernier and Gunther arrested Garner without probable cause. (Complaint, Doc. #5, p. 3). Garner contends that Paul David McKeever attacked him and that he acted in self-defense. Id. Garner admits that McKeever "misled" the officers about what occurred. Id.

An Incident Report submitted by defendants is consistent with plaintiff's admission in his complaint that McKeever "misled" or told the officers that he was attacked by Garner. (Incident Report, Doc. #19-1). McKeever, who was supervising Garner at a job site, reported to Officer

---

[2] Officer Bernier's first name appears to be Tom and not Michael as identified by Garner. (See Incident Report, Doc. #19-1).

2

Bernier that Garner "punched him in the mouth with a closed fist" after McKeever ordered Garner to "clock out and go home for the evening." Id. The Incident Report states that the officers at the scene observed that McKeever was missing two teeth and had a swollen lip. Id.

The court takes judicial notice of a petition for habeas relief filed with this court by Garner. See Garner v. Laney, D.N.D. Case No. 3:13-cv-100, Petition, Doc. #3. Garner's petition for habeas relief is consistent with the admission in his complaint. In the petition Garner admits that McKeever "falsely accused" him of assault. Id. at p. 2. Garner states that he "struck" McKeever one time in self defense. Id.

Garner states in his complaint that he was arrested without probable cause by Officer O'Brien after another incident and that the arrest was based "on a bald allegation made by defendant Donald Walter Kern, Jr." (Complaint, Doc. #5, p. 3). Garner contends that Kern "knowingly faked an injury . . . for the sole purpose of causing the plaintiff to be arrested." Id. Garner admits that Kern "lied" to the officer when Kern stated that Garner "struck" him and knocked him unconscious. Id.

A second Incident Report submitted by defendants is consistent with plaintiff's admission in his complaint that Kern reported to Officer O'Brien that Garner "attacked him and punched him in the head 2-4 times knocking him unconscious." (Incident Report, Doc. #19-3). Kern stated that when he awoke Garner was "kicking him in the chest and stomach." Id. The Incident Report states that the officers at the scene observed that Kern "had a slight red mark on his chest." Id.

The habeas petition filed with this court by Garner is consistent with Garner's admission in his complaint. See Garner v. Laney, D.N.D. Case No. 3:13-cv-100, Petition, Doc. #3. In the

3

petition Garner states that Kern "falsely accused" Garner of "assaulting" Kern and "lied to police by falsely telling them he was injured." Id. at p. 3. Garner also states in the petition that Kern faked an injury. Id.

Garner seeks to enjoin the criminal prosecutions. (Complaint, Doc. #5, p. 4); (Motion, Doc. #16); (Brief in Support of Motion, Doc. #17). Garner also requests a declaration that the defendants violated his constitutional rights, compensatory damages, and punitive damages. (Complaint, Doc. #5, p. 4).

**Law and Discussion**

1.   Claims Against Donald Walter Kern, Jr. and Paul David McKeever

To establish a claim under 42 U.S.C. § 1983, plaintiff must allege the defendants deprived him of a constitutional right, and that the defendants acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Defendants Donald Walter Kern, Jr. and Paul David McKeever are private citizens who were not acting under color of state law when they reported the alleged assaults to the police officers. See Dean v. Olibas, 129 F.3d 1001, 1005 (8th Cir. 1997) ("Providing information about a criminal suspect to law enforcement is not a traditional governmental function; it is something that private citizens do every day."). Garner has failed to state a claim under § 1983 that would entitle him to relief from Kern and McKeever.

2. Claims Against Officers Adam O'Brien, Michael Bernier and Sara Gunther

An arrest without a warrant is reasonable under the Fourth Amendment when it is supported by probable cause. Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to warrant a person of reasonable caution to believe that an offense has been committed. Brinegar v. U.S., 338 U.S. 160, 175-76 (1949). Officers O'Brien, Bernier and Gunther had probable cause to arrest Garner based on the alleged victims' reports to the officers and the officers' observations of the alleged victims' physical appearance. See Anderson v. Cass County, 367 F.3d 741, 746 (8th Cir. 2004) ("Officers are 'entitled to rely on the veracity of information supplied by the victim of a crime.'") (quoting Peterson v. City of Plymouth, 60 F.3d 469, 474-65) (8th Cir. 1995)). Garner has failed to state a claim that would entitle him to relief from Officers O'Brien, Bernier and Gunther.

3. Claim Against Assistant State's Attorney Cherie L. Clark

It appears Garner is attempting to raise a claim of malicious prosecution against Assistant State's Attorney Cherie L. Clark. It is unclear whether malicious prosecution is a constitutional violation that would give rise to a § 1983 action, but if it is, it appears in this case to arise under the Fourth Amendment. See Harrington v. City of Council Bluffs, Iowa, 678 F.3d 676, 679-81 (8th Cir. 2012). "Sufficient probable cause would defeat . . . § 1983 claims based on malicious prosecution . . . ." Id. at 679. As noted above, there was probable cause for Garner's arrest and prosecution. Garner's conclusory statement that the Assistant State's Attorney is pursuing assault charges against him in bad faith and to harass Garner appears to be baseless. Garner has failed to state a claim that would entitle him to relief from Assistant State's Attorney Cherie L. Clark.

4.  Motion for Preliminary Injunction

"[F]ederal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, Mo., 197 F.3d 321, 325 (8th Cir. 1999) (citing Younger, 401 U.S. at 43-44); see also Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.")). No extraordinary circumstances warrant federal intervention into the ongoing state judicial process in either of Garner's state criminal cases. Garner could have raised his claim of a lack of probable cause to support his arrests at his preliminary hearings. Additionally, Garner's claim of self-defense needs be raised before the state courts rather than before this court.

**Conclusion**

Garner has failed to state a claim in his complaint upon which relief can be granted, and pursuant to Younger, the court should abstain from interfering with Garner's state criminal cases. It is **RECOMMENDED** that Garner's complaint (Doc. #5) be **DISMISSED** with prejudice and that Garner's motion for a preliminary injunction (Doc. #16) be **DENIED**. It is further **RECOMMENDED** the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauoeris*.

Dated this 21st day of March, 2014.

                                        /s/ *Karen K. Klein*
                                        Karen K. Klein
                                        United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than **April 7, 2014**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.